Charles L. Hansen, Appellee, v. Best Brewing Company of Chicago, Appellant.

Gen. No. 22,209.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded with directions. Opinion filed June 19, 1916. Rehearing denied July 13, 1916. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Bill by Charles L. Hansen, complainant, against Best Brewing Company of Chicago, a corporation, defendant, to restrain the defendant from enforcing the terms of a lease. From a decree granting the relief prayed, the defendant appeals.

By a written lease dated August 16, 1909, defendant leased to complainant certain premises, the rental payable in monthly instalments of $265 each, with a provision that if complainant should comply with and faithfully perform each and every condition therein contained he would be credited with or paid by the lessor out of the money so received the sum of $100 per month. By the terms of the lease complainant agreed that during the entire term he would purchase all beer that he might use or sell on the premises from the defendant. He was given permission to sell bottled or imported beer as stated in the following clause:

"Party of the second part (lessee) shall have the right, however, to purchase and sell bottled or imported beer from other persons, firms or corporations, and use or sell the same in said premises, but this right shall be optional with the party of the first part (lessor), and shall be terminated upon thirty days' notice in writing given by the party of the first part (lessor) to party of the second part (lessee). Said party of the second part (lessee) shall immediately upon receipt of such notice cease to purchase such bottled

or imported beer and sell such bottled or imported beer as he then shall have in stock within said thirty days.''

In June, 1912, defendant notified complainant to stop using and selling bottled beer in his saloon, as provided in said clause, and that his refusal would be considered a violation of the terms and conditions of the lease. Complainant refused to comply with this notice. Thereupon defendant refused to give him the monthly credit of $100, and as the lessee refused to pay the sum of $265, the monthly rental provided for in the lease, judgments for the full amount by confession were entered against him. Complainant thereupon filed this bill of complaint, alleging that the clauses in the lease giving defendant the right to terminate the sale of bottled beer upon the premises, and providing for payment of rental at the rate of $265 per month, were mere matters of form; that he was told that no attempt would ever be made to enforce either of these conditions, and that he could sell at all times all the bottled beer he wished, and pay only $165 per month. The bill further alleged that defendant made to complainant a loan of $5,000, secured by his notes and trust deed; that he has paid said note and interest in full but that the defendant company refuses to turn over to him the possession of said principal note and the coupon notes or the trust deed.

The defendant answering avers that complainant was fully aware of the contents and the terms of the lease, denies that any misrepresentations were made regarding its recitals, avers that the right of complainant to sell bottled or imported beer from other persons on the premises was optional with defendant and could be terminated upon notice, that such notice was given and that complainant has refused to comply with the same; that because of such failure to comply with his agreement complainant is not entitled to a credit of $100 on his monthly rental but is obligated to pay the

full sum of $265 for each month in accordance with the terms of the lease. Defendant says as to the $5,000 note and trust deed that it had sold the papers, but that it would ascertain where they were and endeavor to arrange for complainant to secure a proper release.

Reference was had to the master, who took testimony and returned the same to the court with his report. Objections and exceptions were filed and overruled, and the court entered a decree in accordance with the recommendations of the master.

By its decree the court finds substantially that in August, 1909, complainant entered into an agreement with one Charles P. Hill for the purchase of a saloon; that Hill was the owner of the building in which the saloon business was conducted, and that he made an agreement with complainant to lease to him said premises for a period of eighty-six months, to commence September, 1909, at a monthly rental of $165; that in pursuance of an agreement made between the Brewing Company and Hill and complainant, Hill executed a lease to defendant of the premises for a monthly rental of $165, and the defendant in turn leased the premises for the same period of time to complainant at the rental of $265. The decree finds the fact with reference to the provisions of the lease, and the service of notice upon complainant with reference to the bottled beer, substantially as hereinabove stated.

WINSTON & LOWY, for appellant.

JOHAN WAAGE, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 293*—*when covenants of enforced.* Where there is no fraud or mistake in the preparation of an instrument, and it

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

appears that the parties signing understood its language and purpose, its covenants will be enforced.

2. INJUNCTION, § 206*—*who has burden of showing that contract does not conform to understanding of parties.* In a suit to restrain a lessor from confessing judgments for rent in accordance with the lease, the one claiming that the contract does not contain the true understanding of the parties thereto has the burden of proving the truth of such claim.

3. INJUNCTION, § 65*—*when relief from contract causing hardship not granted.* The fact that the enforcement of an obligation will work a hardship cannot, in the absence of fraud or mistake, furnish ground for equitable relief therefrom by injunction.

4. INJUNCTION, § 206*—*when evidence insufficient to authorize decree restraining lessor from confessing judgments according to lease.* In a suit to restrain a lessor from confessing judgments for rent in accordance with the terms of a lease, evidence of the complainant that the terms under which, in accordance with the lease, such judgments could be confessed were considered, mere matters of form at the time of its execution, and not intended to be enforced, and such lease as written did not represent the true understanding of the parties, *held* not sufficient to justify the relief prayed.

5. CANCELLATION OF INSTRUMENTS, § 37*—*when decree requiring proper.* In a suit in chancery, a prayer that defendant be directed to deliver up to complainant a note, coupons and trust deed granted, the settlement of the obligation having been acknowledged by the defendant.